Dear Mr. Roby:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate by appointment of the Mayor you hold the part-time position as Administrative Hearing Officer for the Taxi Cab Bureau for the City of New Orleans. Inasmuch as you have been asked to sit as Pro-Temp Judge for the Traffic Court for the City of New Orleans, which is also a part-time position, you ask whether you can serve simultaneously in the part-time position as Administrative Hearing Officer at the Taxi Cab Bureau and as pro-temp judge in the Traffic Court for the City of New Orleans.
This office has concluded that whether a person is serving as a temporary, ad hoc, or part-time judge the position is nevertheless an elective office when considering the dual officeholding statutes or under the Code of Judicial Conduct. Atty. Gen. Op. Nos. 95-368, 90-170.
R.S. 42:63 prohibits a person holding an elected office in a political subdivision of this state from holding at the same time another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof, nor can such person hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
Finding that the pro-temp judge in the Traffic Court for the City of New Orleans is an elected office of a political subdivision of this state, we find no prohibition under R.S.42:63 of simultaneously holding an appointed position as an Administrative Hearing Officer for the Taxi Cab Bureaus for the City of New Orleans since it is part-time.
However, we note that the general policy of the law pertaining to dual officeholding is that public officials and employees promote and maintain a high level of confidence and trust in public officials, and as set forth in R.S. 42:61, "The attainment of this end is impaired when a public official or employee holds two or more public jobs which by their particular nature conflict with the duties and interests of each other."
While we recognize that the instances of being involved with an Administrative Hearing based upon a revocation or suspension for a conviction for driving while intoxicated or a fifth moving violation within a twelve month period from the New Orleans Traffic Court in which you would sit would be minute, we note that the New Orleans City Code, 162-241, does provide for suspension or revocation for these causes by the Taxicab Bureau. Consideration must be given to this situation, and the policy of the dual officeholding statutes would dictate that you could not act as a Traffic Court Judge and an Administrative Hearing Officer under such circumstances in order to avoid a conflict in duties.
However, more importantly your eligibility for such a judicial appointment at the same time as your service as an Administrative Hearing Officer for the Taxi Cab Bureau should be presented for consideration under the Judicial Code of Conduct to Dr. Hugh Collins, Judicial Administrator, Louisiana Supreme Court, 301 Loyola Avenue, Room 109, New Orleans, La, 70112.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Assistant Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR